1

2                          UNITED STATES DISTRICT COURT

3                                DISTRICT OF NEVADA

4

5   ROBERT VICTOR HONORA               Case No. 3:23-cv-658-ART-CSD
    CUNNINGHAM,

6                                      ORDER
                         Plaintiff,

7        v.

8   WASHOE COUNTY SHERIFF OFFICE,
    et al.,

9
                         Defendants.

10

11          Plaintiff Robert Cunningham brings this civil-rights action under 42 U.S.C.

12   § 1983 to redress constitutional violations that he claims he suffered while a pre-

13   trial detainee at the Washoe County Detention Facility. (ECF No. 7.) On August

14   15, 2024, this Court ordered Cunningham to file an amended complaint by

15   September 14, 2024. (ECF No. 6.) On September 11, 2024, the Court extended

16   the deadline until November 1, 2024. (ECF No. 10.) The Court warned

17   Cunningham that the action would be dismissed if he failed to file an amended

18   complaint by that deadline. (*Id.*) That deadline expired and Cunningham did not

19   file an amended complaint, move for an extension, or otherwise respond.

20   **I.     DISCUSSION**

21          District courts have the inherent power to control their dockets and "[i]n

22   the exercise of that power, they may impose sanctions including, where

23   appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los*

24   *Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based

25   on a party's failure to obey a court order or comply with local rules. *See Carey v.*

26   *King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to

27   comply with local rule requiring *pro se* plaintiffs to keep court apprised of

28   address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)

1

1    (dismissal for failure to comply with court order). In determining whether to

2    dismiss an action on one of these grounds, the Court must consider: (1) the

3    public's interest in expeditious resolution of litigation; (2) the Court's need to

4    manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

5    favoring disposition of cases on their merits; and (5) the availability of less drastic

6    alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217,

7    1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th

8    Cir. 1987)).

9         The first two factors, the public's interest in expeditiously resolving this

10    litigation and the Court's interest in managing its docket, weigh in favor of

11    dismissal of Cunningham's claims. The third factor, risk of prejudice to

12    defendants, also weighs in favor of dismissal because a presumption of injury

13    arises from the occurrence of unreasonable delay in filing a pleading ordered by

14    the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524

15    (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases

16    on their merits—is greatly outweighed by the factors favoring dismissal.

17         The fifth factor requires the Court to consider whether less drastic

18    alternatives can be used to correct the party's failure that brought about the

19    Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983,

20    992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before*

21    the party has disobeyed a court order does not satisfy this factor); *accord*

22    *Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that

23    "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted

24    pursuit of less drastic alternatives prior to disobedience of the court's order as

25    satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled

26    with the warning of dismissal for failure to comply[,]" have been "eroded" by

27    *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally

28    dismissing a case, but must explore possible and meaningful alternatives."

2

*Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Cunningham files an amended complaint, the only alternative is to enter a third order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception: there is no hint that Cunningham needs additional time or evidence that he did not receive the Court's screening order or the order granting Cunningham's motion to extend the deadline to file an amended complaint. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II.   CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Cunningham's failure to file an amended complaint in compliance with this Court's August 15, 2024, order and for failure to state a claim. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Robert Cunningham wishes to pursue his claims, he must file a complaint in a new case.

DATED THIS 15th day of November 2024.

_____

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

3